UNITED STATES DISTRICT COURT                JS-6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.    **CV 12-7493-JFW (JEMx)**                Date:  October 3, 2012

Title:      Roger Betterton -*v*- Gotta Pea, LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

Shannon Reilly                          None Present
Courtroom Deputy                        Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                    None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES
                                   SUPERIOR COURT**

On July 27, 2012, Plaintiff Roger Betterton ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendants Gotta Pea, LLC ("Gotta Pea"), Douglas Koozer ("Koozer"), Tim Lanager ("Lanager"), and Roger Barilani ("Barilani") (collectively, "Defendants").  On August 31, 2012, Defendants filed a Notice of Removal alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

Initials of Deputy Clerk _sr_

Defendants fail to allege the citizenship of Plaintiff or Defendants Koozer, Lanager, and Barilani and, instead, allege only their residency based on the residency allegations in Plaintiff's Complaint. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In addition, Plaintiff's residency allegations in his Complaint with respect to Defendants are based on information and belief, and jurisdictional allegations based on information and belief are insufficient to confer jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).

Moreover, a limited liability company is a citizen of every state of which its members are citizens. *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). However, Gotta Pea, which admits in its Answer that it is a limited liability company, fails to allege the citizenship of any of its members.

Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk _sr_